B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>BRIAN WILL,<br>WRIG GUSTONS LLC, | DEFENDANTS<br>Gustons Neighborhood Grill LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Allen Yates<br>412 Georgia Ave. Suite 102, Chattanooga TN 37403<br>404.995.1999 | **ATTORNEYS** (If Known)<br>Jeffrey M. Heller<br>151 W Main St<br>Canton, GA 30114<br>7703451130 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for fraud, breach of contract, negligent misrepresentation, unjust enrichment, and money had and received.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 250,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Gustons Neighborhood Grill LLC | BANKRUPTCY CASE NO.<br>19-53039-bem | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>Barbara Ellis-Monro |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Brian Will and Wrig Gustons, LLC | DEFENDANT<br>Marcie Tarwater and William Tarwater | ADVERSARY PROCEEDING NO.<br>19-59643-pmb |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern District of Georgia | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>Paul Baiser |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Allen Yates     *Alley Yates* | | |
| DATE<br>9/25/19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Allen Yates, Attorney for Plaintiffs | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATE BANKRUPTCY COURT
NORTHERN DIRSTRICT OF GEORGIA
ATLANTA DIVISION

In re: Gustons Neighborhood Grill, LLC            )
                                                  )    Case No.: **19-53039-bem**
                                                  )    Chapter 7
                                                  )
                                                  )

BRIAN WILL,

WRIG GUSTONS LLC,

　　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　　　　　　　ADVERSARY PROCEEDING

v.                                                FILE NO.: _____

Guston's Neighborhood Grill, LLC


### COMPLAINT OBJECTING TO DISCHARGE AND DEMANDING JUDGMENT ON A DEBT

Comes now, Brian Will and Wrig Gustons, LLC, Plaintiffs in the above styled adversary proceeding, and files this Complaint objecting to discharge, and seeking judgment upon a debt, and shows this court as follows:

1. The debtor filed a Chapter 7 voluntary petition for relief under Title 11 of the United States Code on February 26, 2019.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 727, and 28 U.S.C. § 157. This is a core proceeding as defined by 28 U.S.C. §§ 157(b)(H) and 157(b)(J).

3. The deadline for filing objections to discharge and complaints to determine dischargeability of debts is October 23, 2019. This complaint and objection is timely filed. The Plaintiff requests that summons issue and after valid legal service of process of these pleadings that Defendant be required to answer and defend the allegations contained herein, or have judgment by default entered against him.

4. Plaintiff Brian Will is a resident of the State of Georgia with a current address of 871 3rd Street, Alpharetta, Georgia 30009.

5. Plaintiff WRIG Gustons LLC, a Georgia limited liability company (individually, "Plaintiff WRIG" and collectively with Plaintiff Brian Will, "the Plaintiffs") is a Georgia limited liability company whose principal place of business is located at 9850 Nesbit Ferry Road, Suite 12, Alpharetta, Georgia 30022.

6. Defendant Gustons Neighborhood Grill, LLC is a Georgia limited liability company.

7. This is an action under 11 U.S.C.A. § 523(c) for a determination excepting Plaintiff's debt from discharge. This court has jurisdiction of this action under 28 U.S.C.A. § 1334, and this complaint constitutes a core proceeding.

8. Plaintiffs claim against Defendant is not dischargeable under 11 U.S.C. § 523(a)(6) because Defendant actions which injured the Plaintiff were willful and malicious.

9. The Plaintiffs' claim is a potential judgment debt arising out of a case currently pending in the State Court of Cobb County, Georgia, under Case Number 19102686 in a proceeding styled:

2

>BRIAN WILL, and WRIG GUSTONS LLC, Plaintiffs
>
>v.
>
>WILLIAM H. TARWATER,
>MARCIE K. TARWATER,
>GUSTON'S NEIGHBORHOOD GRILLE, LLC,
>BUZZY'S GRILLE, INC., Defendants.

which is an action by the Plaintiffs against the debtors for fraudulent inducement, negligent misrepresentation, breach of contract, and punitive damages by the debtors against the Plaintiffs (the "State Court Action").

10. On June 24, 2019, the debtors appeared in the State Court Action by entering a plea of stay.

11. On June 26, 2019, State Court Action Co-Defendants Marcie and William Tarwater (collectively the "Tarwaters") filed for relief under Chapter 13 of Title 11 in the Northern District of Georgia under case number 19-59643-pmb. Plaintiffs have also initiated an adversary complaint against Marcie and William Tarwater.

12. Collectively, The Tarwaters and Defendant Gustons Neighborhood Grill, LLC are referred to as the Defendants.

13. Under 28 U.S.C. § 1334, this Court has jurisdiction to rule upon the merits of the State Court action, and the Plaintiff requests that this honorable Court determine the merits of the issues raised in the State Court Action.

## FACTUAL BACKGROUND

14. William Tarwater is an owner of certain issued and outstanding membership interest in Defendant Gustons Neighborhood Grill, LLC which operates an American bar and grill styled restaurant in Kennesaw, Georgia ("the Restaurant").

15. Upon information and belief, The Tarwaters began to experience personal financial

3

struggles in 2018.

16. In or around November of 2018, Defendant William Tarwater caused the assets of GUSTON'S NEIGHBORHOOD GRILLE, LLC to be listed for sale through a nationally recognized restaurant brokerage firm WE SELL RESTAURANTS, INC. ("WSR").

17. Upon information and belief, The Tarwaters' personal financial struggles were never disclosed to WSR.

18. Shortly thereafter, Plaintiff Brian Will and The Tarwaters met by introduction from WSR and began to negotiate an asset purchase sale whereby Plaintiff Brian Will would acquire the assets of GUSTON'S NEIGHBORHOOD GRILLE, LLC and continue operations of the Restaurant.

19. Plaintiff Brian Will and The Tarwaters engaged in discussions for approximately fourteen days ("the Negotiations") which resulted in the execution of an Asset Purchase Agreement dated November 16, 2018 ("the APA").

20. Without disclosing the nature of any personal financial struggles, The Tarwaters solicited an additional Management Agreement from Plaintiff Brian Will whereby Plaintiff Brian Will believed he would operate the Restaurant while all licensing and lease assignments were completed prior to the Closing of the APA ("the Management Agreement").

21. Plaintiff Brian Will is the sole Member of Plaintiff WRIG.

22. Effective November 30, 2018, the Plaintiffs signed the Management Agreement with GUSTON'S NEIGHBORHOOD GRILLE, LLC.

23. As a material term of the Management Agreement, William Tarwater and Defendant Defendant Gustons Neighborhood Grill, LLC required the Plaintiffs to pay him a non-refundable Management Fee of $35,000.00 ("the Management Fee").

24. To pay the Management Fee, the Plaintiffs incurred all expenses for operating the Restaurant while the Restaurant's credit card receipts were deposited into bank account(s) owned and controlled by the Defendants.

25. Upon information and belief, the Management Fee was commingled between the Defendants in attempts to offset some or all of The Tarwaters' personal financial struggles.

26. In performing the Management Agreement and in anticipation of the APA, the Plaintiffs also incurred and invested over $50,000.00 in repairs to the Restaurant as well as new, additional equipment for the Restaurant ("the Repairs and Equipment") to, among other things, repair and improve the Restaurant to requirements required by the Health Department, Building and Fire Marshall Codes.

27. While performing the Management Agreement, the Plaintiffs also learned that Defendant William had converted Georgia State Lottery Funds from GUSTON'S NEIGHBORHOOD GRILLE, LLC to bank accounts of the Defendants which caused all Lottery Machines in the Restaurant to be shut down.

28. In the meantime while operating the Restaurant and working to close the APA, the Plaintiffs presented Defendant William Tarwater with a Lease Assignment for the Restaurant's premises ("the Lease Assignment"). When presented, however, Defendant William Tarwater notified the Plaintiffs of his intent to file Bankruptcy ("the Bankruptcy") and refused to sign the Lease Assignment.

29. Because of Defendant William Tarwater's refusal to sign the Lease Assignment and close the APA, the Plaintiffs were forced to abandon and personally close the Restaurant on, or about, February 18, 2019 ("the Closing").

30. After the Closing, the Plaintiffs received a legal Cease and Desist Demand from a third-

party William D. Gwaltney, Jr. claiming to be an additional owner of GUSTON'S NEIGHBORHOOD GRILLE, LLC ("Gwaltney"). Gwaltney's existence as an owner of GUSTON'S NEIGHBORHOOD GRILLE, LLC had never been previously disclosed to WSR or the Plaintiffs.

31. The listing with WSR and execution of the APA were a ploy by The Tarwaters to induce and secure the Management Fee. Defendant William Tarwater never intended to close the APA or sell the assets of the Restaurant to the Plaintiffs.

## COUNT I – BREACH OF CONTRACT

32. GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater agreed in Section 3 of the APA to sell the assets of GUSTON'S NEIGHBORHOOD GRILLE, LLC to the Plaintiffs.

33. GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater agreed in Section 12 of the APA to deliver the assets of the Restaurants to the Plaintiffs by Bill of Sale on, or before, November 30, 2018.

34. GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater further agreed in Section 29 of the APA to cooperate with the Plaintiffs in obtaining all approvals necessary to close the APA.

35. GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater breached the APA by refusing to sign the Lease Assignment and assist the Plaintiffs in obtaining licenses required for the Restaurant's ownership.

36. GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater breached the APA by refusing to sell the assets of the Restaurant to the Plaintiffs.

## COUNT II – FRAUDULENT INDUCEMENT

37. When procuring the Management Fee, The Tarwaters intentionally concealed Gwaltney's ownership in Guston's.

38. In Section 7 of the APA, Guston's and Defendant William Tarwater issued representations to the Plaintiffs that GUSTON'S NEIGHBORHOOD GRILLE, LLC and Defendant William Tarwater had full authority to enter the APA and were without restrictions under any agreement with any third party to enter the APA. At such time, GUSTON'S NEIGHBORHOOD GRILLE, LLC and The Tarwaters knew that such representations were false.

39. The Plaintiffs relied on such representations in paying the Management Fee and incurring expenses for the Repairs and the Equipment.

40. The Plaintiffs have been harmed as the direct and proximate result of such false representations.

41. Accordingly, the Plaintiffs are entitled to an award of money damages against GUSTON'S NEIGHBORHOOD GRILLE, LLC and The Tarwaters in an amount to be proven at trial.

## COUNT III – NEGLIGENT MISREPRESENTATION

42. Without disclosing their personal financial struggles or their knowledge that the Bankruptcy might be pending, The Tarwaters knew or should have known that the Tarwaters would be unable to perform under the APA.

43. The Plaintiffs reasonably relied on the Tarwaters' representations and were induced to pay the Management Fee and incur the costs of the Repairs and the Equipment under the belief that the Tarwaters would perform under the APA.

44. The Plaintiffs were economically injured as a result of such reasonable reliance.

45. Accordingly, the Plaintiffs are entitled to an award of money damages against The Tarwaters in an amount to be proven at trial.

## COUNT IV – MONEY HAD AND RECEIVED

46. Upon information and belief, Defendants Marcie and William Tarwater intentionally commingled the Management Fee among personal creditors and the creditors of GUSTON'S NEIGHBORHOOD GRILLE, LLC and Buzzy's in an attempt to avoid the Bankruptcy.

47. Defendants received the Management Fee and caused the Plaintiffs to incur the costs of the Repairs and Equipment under false assertions and false pretenses.

48. Despite demand, Defendants have refused to return the Management Fee and the Plaintiffs' costs for the Repairs and Equipment.

49. The Plaintiffs are entitled to recover damages from Defendants for money had and received.

## COUNT V – UNJUST ENRICHMENT

50. Defendants received funds from the Plaintiffs the total sum of which, estimated of at least the Management Fee and the Repairs and Expenses, shall be proven at trial.

51. Defendants are not entitled to keep the funds as the consideration offered for the Management Fee and Repairs and Expenses was fraudulently represented by The Tarwaters.

8

52. Despite demand, Defendants have refused to return the funds to the Plaintiffs.

53. Defendants have been unjustly enriched by keeping and refusing to return the funds which belong to the Plaintiffs.

54. The Plaintiffs are entitled to recover from the Defendants for unjust enrichment.

## COUNT VI – PUNITIVE DAMAGES

55. By engaging in the conduct described herein, The Tarwaters have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences as to entitle the Plaintiffs to punitive damages in an amount to be determined at trial by the jury.

56. The acts and conduct of The Tarwaters were committed with a deliberate intention to harm the Plaintiffs, such that there should be no limitation on damages.

## COUNT VII – ATTORNEY'S FEES

57. The APA provides for Plaintiffs' attorneys fees to be reimbursed in the event of a breach of the APA.

58. In addition, Defendants have acted in bad faith and have caused the Plaintiffs unnecessary trouble and expense.

59. The Plaintiffs are therefore entitled to recover attorney's fees and litigation expenses in an amount to be proven at trial.

Wherefore the Plaintiff respectfully requests that this honorable Court:

1. grant judgment against Defendant Defendant Gustons Neighborhood Grill, LLC for breach of contract in an amount to be determined at trial.
2. Determine that the Plaintiffs injuries were caused by the Defendant Gustons Neighborhood Grill, LLC's willful and malicious acts.
3. Determine that the debt of Defendants to Plaintiffs is not dischargeable in bankruptcy as a willful and malicious injury to the person and property of Plaintiffs under 11 U.S.C. § 523(a)(6).
4. Issue judgment against the Defendants for $250,000.00 with interest thereon at a rate of 18% per annum.
5. Issue judgment against Defendants for Plaintiffs' reasonable attorneys fees
6. Assess cost of this action be assessed against the Defendants.
7. And for such other and further relief as this Court deems proper.

Respectfully submitted this September 25, 2019.

                                        **Yates & Wheland**

                                        /s/ Allen Yates  *Allen Yates*
                                        Attorney for Plaintiffs

C. Allen Yates - Bar No. 979656
412 Georgia Avenue, Suite 102
Chattanooga, TN 37403
ay@YWLawyers.com
423.888.3030

11